**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| LEONARD LOGAN,<br><br>Plaintiff,<br>v.<br><br>CITY OF CHICAGO, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 26-MC-12 |

**PETITION FOR RULE TO SHOW CAUSE AGAINST**
**DEPONENT PRINCESS THOMAS**

Defendant Kent Sinson petitions this Court to issue an order requiring non-party fact witness, Princess Thomas, to show cause why she should not be held in contempt of court for her failure to appear at her subpoenaed deposition, and states as follows:

1. Plaintiff Leonard Logan ("Plaintiff") filed his lawsuit in the U.S. District Court for the Northern District of Illinois alleging he was wrongfully convicted of the March 18, 1997, murder of Timothy Jones in Chicago. (Ex. 1, Pl.'s Am. Compl., Aug. 29, 2024.) Plaintiff claims that misconduct by various Chicago police officers, the City of Chicago, and former Assistant State's Attorney, Kent Sinson ("Defendant"), caused his wrongful conviction. (*Id.*)

2. Plaintiff's case is pending before Judge Jorge L. Alonso. *Logan v. City of Chicago, et al.*, No. 24-CV-3897 (N.D. Ill.). The Court set a June 5, 2026, fact discovery deadline, and the parties are pursuing the necessary oral discovery in earnest, including the deposition of Plaintiff's alibi witness, Princess Thomas ("Thomas").

3. Thomas is a crucial witness for Plaintiff. Plaintiff claims he was in Milwaukee at the time of the Jones murder. For support, Plaintiff listed Thomas, his aunt, in his Rule 26 disclosure as someone with knowledge of Plaintiff's alibi. (Ex. 2 at 6-7, Aug. 16, 2024.) According to that disclosure, Thomas may also have information related to Plaintiff's damages. (*Id.*)

4. Thomas has previously provided sworn statements and testimony on Plaintiff's behalf about his purported alibi. The first occasion was on March 5, 2001, when Thomas, and her sister Chevelle, wrote a notarized letter about three months after Plaintiff was convicted of murder, stating "Leonard was here in Milwaukee at the time of the [crime]." (Ex. 3.) Five years later, Thomas provided Plaintiff's first set of post-conviction attorneys an affidavit to support that petition. (Ex. 4, Jan. 1, 2005.) Thomas asserted in that affidavit that if she was called to testify at Plaintiff's criminal trial, should would "have testified that I knew that Mr. Logan arrived in Milwaukee on the evening of March 17, 1997 and stayed in Milwaukee for at least two days," including the night of the murder on March 18. (*Id.* ¶ 7.) Thomas then testified about Plaintiff's whereabouts the night of the murder during Plaintiff's post-conviction evidentiary hearing on September 1, 2009, (ex. 5), and then again in Plaintiff's *habeas* proceeding on February 19, 2014 (ex. 6). Over the course of at least 15 years, Thomas has consistently averred or testified that Plaintiff could not have committed the Jones murder, because he was with her in Milwaukee at the time.

5. Here, Plaintiff will argue at trial that he is innocent of the Jones murder, and that he was in Milwaukee at the time of the March 18, 1997, shooting. Plaintiff

is expected to call witnesses at trial to support this alibi, including Thomas, whom he has relied upon time and again to testify on his behalf. The defendants contend that Plaintiff is guilty of the Jones murder, and will contest at trial Plaintiff's purported alibi. In doing so, defendants will need to depose Plaintiff's key alibi witnesses, including Princess Thomas.

6. To that end, Defendant personally served Thomas with a deposition subpoena at her home address in West Allis, Wisconsin. (Ex. 7, Affidavit ¶¶ 4-5.) After Thomas was served with the subpoena, Thomas contacted counsel for the Defendant and confirmed she would be available for a deposition on February 25, 2026, at 2:30 p.m. (*See*, Ex. 8, Text messages at 1-2.) The start time requested by Thomas for 2:30 p.m. would accommodate her work schedule because she works during the week until 2:00 p.m. (*Id.*) Additionally, both Defendant's investigator and defense counsel informed Thomas that they would arrange transportation for her to and from the deposition if necessary. (*See*, *Id*. at 2-3.) Defendant's counsel then reserved a conference about 6 miles from Thomas's home at 342 N. Water St., Ste. 600, Milwaukee, which could stay open as long as needed to complete Thomas's deposition. (*See*, Ex. 7 at 8; Ex. 8 at 4.)

7. On February 23, 2026, Defendant's investigator handed Thomas's roommate, Noralynn Neita, an Amended Notice of Deposition ("Notice") and a $50.00 witness fee check. (Ex. 7 ¶ 5.) Neita told the investigator that she would give Thomas the Notice and check later that evening. (*Id.*) That notice maintained the February 25, 2026, deposition date that Thomas previously agreed to and adjusted the start to

3:00 p.m. to give Thomas ample time to arrive for her deposition after work. (Ex. 7 at 8.) The Notice also contained the location of the reserved conference room at 342 N. Water St., Ste. 600, Milwaukee. (*Id.*) Defense counsel also texted Thomas the address. (Ex. 8 at 4.)

8. Since February 3, 2026, when Thomas first agreed to appear at a deposition, she never indicated that she could not, or would not, appear for deposition so the parties proceeded accordingly. All counsel appeared for Thomas's deposition remotely, as did the court reporter, while the videographer appeared in the designated conference room at 342 N. Water Street. (Ex. 9, Dep. Tr.) Counsel for Defendant, Plaintiff's counsel, the court reporter, and videographer appeared for the deposition around 2:30 p.m., about 30 minutes before the official start time, but the videographer confirmed there was no sign of Thomas in or around the conference room in Milwaukee. (Ex. 9 at 8:2-9.) The parties agreed to wait to see whether Thomas would appear for her deposition, and Defense counsel agreed to call Thomas around 3:15 p.m., dialing the number that she previously used to speak with Defendant's investigator and Defense counsel. (*Id.* at 8:10-20.) Defense counsel called Thomas around 3:15 p.m., but she did not answer, and counsel was unable to leave a voicemail. (Ex. 9 at 9:3-7.). Defense counsel also texted Thomas at 3:15 p.m. to see if she was running late but received no response. (Ex. 8 at 4.) At 3:22 p.m., the videographer again looked around the lobby of the building to see whether Thomas was there but to no avail. (Ex. 9 at 9:8-12.) Given that Thomas failed to appear for her deposition between 2:30 p.m. and 3:25 p.m., and failed to answer or return

Defense counsel's 3:15 p.m. call or text message, the parties agreed to terminate the deposition. (*Id*. at 9:19-25.)

9. To date, Thomas has not contacted defense counsel or their investigator to discuss her absence from the February 25, 2026, deposition or to reschedule it.

10. Fed. R. Civ. P. 45(g) allows a court "for the district where compliance is required" to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Because Thomas's subpoena required compliance near Milwaukee, Wisconsin, which is within the Eastern District of Wisconsin, the Defendant respectfully requests this Court issue an order requiring Thomas to show cause why she should not be held in contempt for her failure to appear for her duly subpoenaed deposition.

11. "To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable diligent effort to comply." *United States SEC v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010).

12. Defendant has met each of the four elements. *First*, the subpoena, which has the effect of a court order under Rule 45, and the subsequent Notice, set forth an unambiguous command for Thomas to appear for her deposition at a location about 6 miles from her home on February 25 at 3:00 p.m. (Ex. 7.) Indeed, Thomas responded

to defense counsel's text message confirming the date and time fit her schedule. (Ex. 8 at 1-2.) *Second*, the deposition transcript makes clear that Thomas violated that command by failing to appear. (Ex. 9.) *Third*, Thomas's violation was significant given that Plaintiff has disclosed her as an alibi witness for the murder, which is evidenced by her prior statements and testimony for over 15 years, that Plaintiff was in Milwaukee the night of the murder. Thomas's violation was also significant in that five sets of counsel, a court reporter, and a videographer all appeared for her scheduled deposition, and her failure to appear, or contact counsel to reschedule, wasted time and money. *Fourth*, Thomas made no apparent effort to comply with the subpoena after confirming she would in fact appear for it, nor did she explain her absence, something she could have easily done by calling or texting Defendant's investigator or defense counsel. In sum, the Defendant has satisfied each of the four required elements, and this Court should issue an order requiring Thomas to show cause for her failure to appear for her deposition.

13. Counsel will mail a copy of this motion *via* UPS to Thomas and hand-deliver a copy to her home.

WHEREFORE, Defendant Sinson respectfully requests this Court issue an order requiring Princess Thomas to show cause for her failure to appear at her deposition, and for whatever other relief this Court deems just and proper.

Date: March 11, 2026

Respectfully submitted,

By: */s/ Michael Stephenson*

*Counsel for Kent Sinson*

Michael C. Stephenson
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, Illinois 60606
(312) 704-3000
mstephenson@hinshawlaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on March 11, 2026, the foregoing document was filed with the Clerk of Court for the United States District Court for the Eastern District of Wisconsin via the CM/ECF system.

*/s/ Michael C. Stephenson*