# Exhibit

# 2

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEONARD LOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-cv-3897 |
| | ) | |
| v. | ) | Hon. Franklin U. Valderrama |
| | ) | District Judge |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | Hon. Young B. Kim |
| | ) | Magistrate Judge |
| Defendants. | ) | |

**PLAINTIFF'S RULE 26(a)(1) DISCLOSURES**

Plaintiff Leonard Logan, through counsel, hereby provides the following initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

1. **Rule 26(a)(1)(A)(i)—Persons with Knowledge:**

**A. Parties**

**Plaintiff Leonard Logan** has knowledge of the events described in his Complaint, including his arrest, interrogation, wrongful prosecution, conviction, wrongful imprisonment, exoneration, and damages that he has suffered and continues to suffer. Plaintiff lives in the greater Chicago area and may be contacted via Plaintiff's counsel.

**Defendant City of Chicago** may have knowledge of its policies, practices, customs; the training, if any, provided to Defendant Officers; lawsuits filed against it; complaints made against Chicago Police Department officers; its ratification of the conduct of the Defendant's actions; and the official policymaker for the Chicago Police Department.

**Defendant Cook County** may have knowledge of its obligations to indemnify Defendant Sinson for any compensatory damages verdict against him.

**Defendant Edward O'Boyle** may have knowledge concerning the investigation of the Jones murder; his contact and communications with other Defendants, with witnesses, with suspects, and with Plaintiff during the course of the investigation; the wrongful arrest, interrogation, prosecution, and conviction of Plaintiff; and Defendant O'Boyle's misconduct as alleged in the Complaint. He may also have knowledge of the policies and practices of the City of Chicago. Defendant O'Boyle may also have knowledge of the acts of other Defendants and Chicago Police Department Officers during the course of interrogations and other police investigations. Further, Defendant O'Boyle will be able to testify regarding his personal assets and liabilities as it relates to punitive damages. Defendant may

be contacted through his counsel.

**Defendant Paul Bernatek** may have knowledge concerning the investigation of the Jones murder; his contact and communications with other Defendants, with witnesses, with suspects, and with Plaintiff during the course of the investigation; the wrongful arrest, interrogation, prosecution, and conviction of Plaintiff; and Defendant Bernatek's misconduct as alleged in the Complaint. He may also have knowledge of the policies and practices of the City of Chicago. Defendant Bernatek may also have knowledge of the acts of other Defendants and Chicago Police Department Officers during the course of interrogations and other police investigations. Further, Defendant Bernatek will be able to testify regarding his personal assets and liabilities as it relates to punitive damages. Defendant may be contacted through his counsel.

**Defendant Hasan Al-Amin** may have knowledge concerning the investigation of the Jones murder; his contact and communications with other Defendants, with witnesses, with suspects, and with Plaintiff during the course of the investigation; the wrongful arrest, interrogation, prosecution, and conviction of Plaintiff; and Defendant Al-Amin's misconduct as alleged in the Complaint. He may also have knowledge of the policies and practices of the City of Chicago. Defendant Al-Amin may also have knowledge of the acts of other Defendants and Chicago Police Department Officers during the course of interrogations and other police investigations. Further, Defendant Al-Amin will be able to testify regarding his personal assets and liabilities as it relates to punitive damages. Defendant may be contacted through his counsel.

**Defendant Sylvia Van Witzenburg** may have knowledge concerning the investigation of the Jones murder; her contact and communications with other Defendants, with witnesses, with suspects, and with Plaintiff during the course of the investigation; the wrongful arrest, interrogation, prosecution, and conviction of Plaintiff; and Defendant Van Witzenburg's misconduct as alleged in the Complaint. She may also have knowledge of the policies and practices of the City of Chicago. Defendant Van Witzenburg may also have knowledge of the acts of other Defendants and Chicago Police Department Officers during the course of interrogations and other police investigations. Further, Defendant Van Witzenburg will be able to testify regarding her personal assets and liabilities as it relates to punitive damages. Defendant may be contacted through her counsel.

**Defendant Alejandro Almazan** may have knowledge concerning the investigation of the Jones murder; his contact and communications with other Defendants, with witnesses, with suspects, and with Plaintiff during the course of the investigation; the wrongful arrest, interrogation, prosecution, and conviction of Plaintiff; and Defendant Almazan's misconduct as alleged in the Complaint. He may also have knowledge of the policies and practices of the City of Chicago. Defendant Almazan may also have knowledge of the acts of other Defendants and Chicago Police Department Officers during the course of interrogations and other police investigations. Further, Defendant Almazan will be able to testify regarding his personal assets and liabilities as it relates to punitive damages. Defendant may be contacted through his counsel.

**Defendant Michael Rowan** may have knowledge concerning the investigation of the Jones murder; his contact and communications with other Defendants, with witnesses, with suspects, and with Plaintiff during the course of the investigation; the wrongful arrest, interrogation, prosecution, and conviction of Plaintiff; and Defendant Rowan's misconduct as alleged in the Complaint. He may also

have knowledge of the policies and practices of the City of Chicago. Defendant Rowan may also have knowledge of the acts of other Defendants and Chicago Police Department Officers during the course of interrogations and other police investigations. Further, Defendant Rowan will be able to testify regarding his personal assets and liabilities as it relates to punitive damages. Defendant may be contacted through his counsel.

**Defendant William Halloran** may have knowledge concerning the investigation of the Jones murder; his contact and communications with other Defendants, with witnesses, with suspects, and with Plaintiff during the course of the investigation; the wrongful arrest, interrogation, prosecution, and conviction of Plaintiff; and Defendant Halloran's misconduct as alleged in the Complaint. He may also have knowledge of the policies and practices of the City of Chicago. Defendant Halloran may also have knowledge of the acts of other Defendants and Chicago Police Department Officers during the course of interrogations and other police investigations. Further, Defendant Halloran will be able to testify regarding his personal assets and liabilities as it relates to punitive damages. Defendant may be contacted through his counsel.

**Defendant Lawrence Lynch** may have knowledge concerning the investigation of the Jones murder; his contact and communications with other Defendants, with witnesses, with suspects, and with Plaintiff during the course of the investigation; the wrongful arrest, interrogation, prosecution, and conviction of Plaintiff; and Defendant Lynch's misconduct as alleged in the Complaint. He may also have knowledge of the policies and practices of the City of Chicago. Defendant Lynch may also have knowledge of the acts of other Defendants and Chicago Police Department Officers during the course of interrogations and other police investigations. Further, Defendant Lynch will be able to testify regarding his personal assets and liabilities as it relates to punitive damages. Defendant may be contacted through his counsel.

**Defendant Kent Sinson** may have knowledge concerning the investigation of the Jones murder; his contact and communications with other Defendants, with witnesses, with suspects, and with Plaintiff during the course of the investigation; the wrongful arrest, interrogation, prosecution, and conviction of Plaintiff; and Defendant Sinson's misconduct as alleged in the Complaint. He may also have knowledge of the policies and practices of the City of Chicago. Further, Defendant Sinson will be able to testify regarding his personal assets and liabilities as it relates to punitive damages. Defendant may be contacted through his counsel.

**Defendant Glenn Evans** may have knowledge concerning the investigation of the Jones murder; his contact and communications with other Defendants, with witnesses, with suspects, and with Plaintiff during the course of the investigation and previous; the wrongful arrest, interrogation, prosecution, and conviction of Plaintiff; and Defendant Evans's misconduct as alleged in the Complaint. He may also have knowledge of the policies and practices of the City of Chicago. Defendant Evans may also have knowledge of the acts of other Defendants and Chicago Police Department Officers during the course of interrogations and other police investigations. Further, Defendant Evans will be able to testify regarding his personal assets and liabilities as it relates to punitive damages. Defendant may be contacted through his counsel.

## B. Third Parties With Knowledge Relative to The Jones Homicide Investigation, The Individual Defendants' Misconduct In the Jones Investigation, Criminal Proceedings Against Plaintiff, Plaintiff's Post-Conviction Proceedings, Plaintiff's Innocence, and/or Plaintiff's Damages

**Officer R. Bogard, Star # 19807**, location unknown and investigation continues, may have knowledge of the Jones Homicide investigation, witness interviews, and false documents implicating Plaintiff in the crimes; Plaintiff's criminal proceedings; and Defendants' misconduct as alleged in the complaint.

**Aretha Brown**, location unknown and investigation continues, may have knowledge of Plaintiff's innocence and the Jones Homicide Investigation.

**Jenice Burton**, location unknown and investigation continues, may have knowledge of the Jones Homicide Investigation and Plaintiff's damages. She may be contacted through Plaintiff's counsel.

**Dr. Eupil Choi**, location unknown and investigation continues, may have knowledge of the Jones Homicide investigation and Defendants' misconduct as alleged in the complaint.

**Bruce Cowan**, location unknown and investigation continues, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the Jones Homicide, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

**FPI F. DeMarco, Star # 12802**, location unknown and investigation continues, may have knowledge of the Jones Homicide investigation, witness interviews, and false documents implicating Plaintiff in the crimes; Plaintiff's criminal proceedings; and Defendants' misconduct as alleged in the complaint.

**FPI J. Dunigan, Star # 4047**, location unknown and investigation continues, may have knowledge of the Jones Homicide investigation, witness interviews, and false documents implicating Plaintiff in the crimes; Plaintiff's criminal proceedings; and Defendants' misconduct as alleged in the complaint.

**Officer I. Epinger, Star #9019**, location unknown and investigation continues, may have knowledge of the Jones Homicide investigation, witness interviews, and false documents implicating Plaintiff in the crimes; Plaintiff's criminal proceedings; and Defendants' misconduct as alleged in the complaint.

**Sgt. L. Hargrove, Star # 1179**, location unknown and investigation continues, may have knowledge of the Jones Homicide investigation, witness interviews, and false documents implicating Plaintiff in the crimes; Plaintiff's criminal proceedings; and Defendants' misconduct as alleged in the complaint.

**Whitney Harris**, location unknown and investigation continues, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the Jones Homicide, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

**Charles Jenkins**, location unknown and investigation continues, may have knowledge of the Jones Homicide investigation, Plaintiff's criminal proceedings, Plaintiff's innocence, and Defendants' misconduct as alleged in the complaint.

**Martin J. Kelly**, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the Jones Homicide, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

**Richard Lenar**, location unknown and investigation continues, may have knowledge of may have knowledge of the Jones Homicide investigation, Plaintiff's innocence, and Defendants' misconduct as alleged in the complaint.

**Karl Leonard**, Exoneration Project, 311 N. Aberdeen St., 3rd Floor, Chicago, IL 60607, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the Jones Homicide, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, and Plaintiff's wrongful prosecution and conviction and the resulting damages.

**Earline Logan Moore**, may have knowledge of Plaintiff's alibi, the Jones Homicide Investigation, and Plaintiff's damages. She may be contacted through Plaintiff's counsel.

**Sgt. Steven Lowe**, location unknown and investigation continues, may have knowledge of the Jones Homicide investigation and Defendants' misconduct as alleged in the complaint.

**Rosemary Mann**, location unknown and investigation continues, may have knowledge of Plaintiff's alibi and the Jones Homicide Investigation. She may be contacted through Plaintiff's counsel.

**Sgt. M. Marionovich, Star # 728**, location unknown and investigation continues, may have knowledge of the Jones Homicide investigation, witness interviews, and false documents implicating Plaintiff in the crimes; Plaintiff's criminal proceedings; and Defendants' misconduct as alleged in the complaint.

**Eric Mayland**, location unknown and investigation continues, may have knowledge of the Jones Homicide investigation, witness interviews, and false documents implicating Plaintiff in the crimes; Plaintiff's criminal proceedings; and Defendants' misconduct as alleged in the complaint.

**Derrick Neita**, location unknown and investigation continues, may have knowledge of Plaintiff's alibi and the Jones Homicide Investigation.

**Simeon Neita**, location unknown and investigation continues, may have knowledge of Plaintiff's alibi and the Jones Homicide Investigation.

**ASA Lawrence O'Reilly**, location unknown and investigation continues, may have knowledge of the Jones Homicide investigation, witness interviews, and false documents implicating Plaintiff in the crimes; Plaintiff's criminal proceedings; and Defendants' misconduct as alleged in the complaint.

**Scott Panek**, location unknown and investigation continues, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the crimes at issue, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

**Officer W. Patnet, Star # 9508**, location unknown and investigation continues, may have knowledge of the Jones Homicide investigation, witness interviews, and false documents implicating Plaintiff in the crimes; Plaintiff's criminal proceedings; and Defendants' misconduct as alleged in the complaint.

**LaTonya Peyton**, 617 Aster Dr., Davenport, FL 33897, may have knowledge of the Jones Homicide investigation, Plaintiff's criminal proceedings, Plaintiff's innocence, and Defendants' misconduct as alleged in the complaint.

**L.C. Robinson**, location unknown and investigation continues, may have knowledge of the Jones Homicide investigation, Plaintiff's criminal proceedings, Plaintiff's innocence, and Defendants' misconduct as alleged in the complaint.

**Officer J. Scaife, Star # 18861**, location unknown and investigation continues, may have knowledge of the Jones Homicide investigation, witness interviews, and false documents implicating Plaintiff in the crimes; Plaintiff's criminal proceedings; and Defendants' misconduct as alleged in the complaint.

**Officer L. Smedley, Star # 16950**, location unknown and investigation continues, may have knowledge of the Jones Homicide investigation, witness interviews, and false documents implicating Plaintiff in the crimes; Plaintiff's criminal proceedings; and Defendants' misconduct as alleged in the complaint.

**Pamela Stewart**, location unknown and investigation continues, may have knowledge of the Jones Homicide Investigation and Plaintiff's damages.

**Anthony Thomas**, Cook County Public Defender's Office, 8th Floor, 2650 S. California, Chicago, IL 60608-5125, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the Jones Homicide, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

**John Miraglia**, John M. Miraglia, Ltd, 910 W. Van Buren St. #2s, Chicago, IL, 60607, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the Jones Homicide, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

**Chevelle Thomas**, may have knowledge of Plaintiff's alibi, the Jones Homicide Investigation, and Plaintiff's damages. She may be contacted through Plaintiff's counsel.

**Princess Thomas**, may have knowledge of Plaintiff's alibi, the Jones Homicide Investigation, and

Plaintiff's damages. She may be contacted through Plaintiff's counsel.

**Officer Robert Tovar**, location unknown and investigation continues, may have knowledge of the Jones Homicide investigation, witness interviews, and false documents implicating Plaintiff in the crimes; Plaintiff's criminal proceedings; and Defendants' misconduct as alleged in the complaint.

**ASA Venezia**, location unknown and investigation continues, may have knowledge of the Jones Homicide investigation, Plaintiff's criminal proceedings, and Defendants' misconduct as alleged in the complaint.

**Ervin Walls,** location unknown and investigation continues, may have knowledge of the Jones Homicide investigation, Plaintiff's criminal proceedings, Plaintiff's innocence, and Defendants' misconduct as alleged in the complaint.

**ASA Jack Wilk**, 2650 S. California Ave., Room 13C58, Chicago, IL 60608, may have information about the Jones Homicide investigation, Plaintiff's criminal proceedings, and Defendants' misconduct as alleged in the complaint.

**Odessa Williams**, location unknown and investigation continues, may have knowledge of Plaintiff's alibi and the Jones Homicide Investigation.

**Officer A. Woods, Star # 18851**, location unknown and investigation continues, may have knowledge of the Jones Homicide investigation, witness interviews, and false documents implicating Plaintiff in the crimes; Plaintiff's criminal proceedings; and Defendants' misconduct as alleged in the complaint.

### C. Third Parties With Knowledge of Misconduct Committed by the City of Chicago, the Defendant Officers, Defendant Sinson, Other Chicago Police Department Officers, and/or Plaintiff's *Monell* claims

Plaintiff reserves the right to call witnesses identified in the Complaint, individuals identified in the pattern documents from Plaintiff's post-conviction proceedings, and witnesses deposed or who have made allegations against the Defendant Officers, Defendant Sinson, concerning coerced or fabricated confessions of witnesses and/or other statements. Plaintiff intends to confer with the parties before making further specific disclosures.

Plaintiff's investigation into this matter continues. Plaintiff reserves the right to modify and supplement this list as additional information becomes available. In addition, Plaintiff reserves the right to call at trial any witness disclosed by Defendants in this matter.

**2. Rule 26(a)(1)(A)(ii) – Documents to support claims:**

Plaintiff is in possession, custody, or control of the following documents, and categories of documents, electronically stored information, and tangible things, which may be used to support Plaintiff's claims: police reports, affidavits, criminal trial transcripts, criminal appeal briefs, judicial opinions, and a variety of other case materials, including materials relating to Defendants' investigation. See documents Bates-stamped Logan 000001-010875.

Plaintiff's claims are also supported by the testimony and disclosures made by the City of Chicago in these, and other, cases. Plaintiff's investigation into this matter continues. Plaintiff reserves the right to modify and supplement these documents as additional information becomes available.

**3. Rule 26(a)(1)(A)(iii) – Computation of damages:**

As a result of his wrongful prosecution and conviction, as well as nearly two decades spent in prison for a crime he did not commit, Plaintiff suffered and continues to suffer physical injuries, physical and emotional pain, psychological damage, anguish, humiliation, destruction of his reputation, loss of his young adulthood, disruption of his life and intimate and familial relationships, suspension of and interference with his ability to pursue a career, the opportunity to raise his child, the loss of his son while he was incarcerated, and deprivation of all of the basic pleasures of human experience, including the freedom to live one's life as an autonomous human being. The years imprisoned are only a portion of Plaintiff's damages. Plaintiff's damages also include the time, including today, that Plaintiff continues to suffer as a direct result of his wrongful prosecution.

He seeks compensatory and punitive damages, prejudgment interest, and attorneys' fees and costs under 42 U.S.C. § 1988. At this time, Plaintiff has not made any computation of these damages. The jury will be tasked with quantifying these damages.

**4. Rule 26(a)(1)(A)(iv) – Insurance agreements:**

Plaintiff has no documents subject to disclosure under Federal Rule of Civil Procedure 26(a)(1)(A)(iv).

Respectfully submitted,

/s/ Alyssa Martinez
*One of Plaintiff's Attorneys*


Jon Loevy
Tara Thompson
Alyssa Martinez
Meg Gould
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
O: 312.243.5900
alyssa@loevy.com

Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
O: 720.328.5642
elizabethw@loevy.com


## CERTIFICATE OF SERVICE

I, Alyssa Martinez, an attorney, hereby certify that on August 16, 2024, I served the foregoing Plaintiff's Rule 26(a)(1) disclosures upon all counsel of record via electronic mail.

/s/ Alyssa Martinez
*One of Plaintiff's Attorneys*