**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| LEONARD LOGAN,<br><br>Plaintiff,<br>v.<br><br>CITY OF CHICAGO, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 26-MC-12 |

**PETITIONER'S MOTION FOR EXTENSION OF TIME**

Petitioner, Kent Sinson, moves, pursuant to Rule 6(b)(1)(A), to extend the May 20, 2026, deadline for Princess Thomas to show cause by 14-days to June 3, 2026, and states as follows:

1. On May 5, 2026, this Court granted Petitioner's request for a show cause order against Thomas for failing to appear for her deposition pursuant to Petitioner's lawful subpoena. (Dkt. 4.) As discussed in that Petition, Thomas is an alleged alibi witness for the plaintiff, Leonard Logan, in his underlying civil rights case filed in the Northern District of Illinois. (Dkt. 1 ¶¶ 1, 3-5.)

2. In the Court's May 5, 2026, Order, it required Thomas to "show cause in writing for her failure to comply with the deposition subpoena." (Dkt. 4.) The Order further required that Petitioner "promptly provide Princess Thomas with a copy of this Order." (*Id.*) Petitioner has diligently pursued serving Thomas, but because of the delay in effectuating service, Petitioner submits this motion for an additional 14-days to allow Thomas sufficient time to file her response.

3. The Seventh Circuit permits a party to serve a Rule 45 subpoena using certified mail. *See Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (finding USPS certified mail to be a proper method of service). However, undersigned counsel was reluctant to mail Thomas the Court's Order based on Thomas' recent refusal to accept mail at her address in West Allis Milwaukee. The Petitioner previously sent Thomas a copy of the Petition itself using UPS, but it was returned on or about April 23, 2026, because "Receiver moved, not delivered." Around the same time, Petitioner's investigator visited Thomas' West Allis home, and spoke with Thomas' roommate, Noralynn Neita. Ms. Neita told the investigator she was no longer accepting anything on Thomas' behalf. Importantly, Neita did not tell the investigator that Thomas moved.[1] Petitioner also confirmed that as of May 5, 2026, Thomas did not have a change of address on file with USPS.

4. Given Thomas' refusal to accept mail, Petitioner arranged for surveillance in an effort to hand-deliver Thomas with the Court's Order before the May 20, 2026, deadline. The investigator conducted surveillance in the morning on Thursday, May 14 and Saturday, May 16. He saw Thomas' car parked in the garage connected to her West Allis address, but not Thomas. Further surveillance is difficult since Thomas enters and leaves her home by parking in the garage and the garage is connected to an alley that has multiple access points.

---

[1] The investigator left a copy of the Petition on the front porch. Petitioner's counsel also texted a PDF of the Petition to the same number previously used to communicate with Thomas. Petitioner's counsel also emailed a PDF of the Petition to Thomas at pcgpink1932@gmail.com and prink1968@gmail.com, but whether Thomas uses those email addresses is unconfirmed.

5. For these reasons, Petitioner served a copy of the Order to Thomas on May 18, 2026, as follows:

a. Petitioner's counsel sent Thomas a text message containing a PDF of the Order to the same number previously used to contact Thomas;

b. Petitioner's investigator placed a copy of the Order in Thomas' front door, attached a copy to her mailbox, and attached a copy to her garage door in the alley at 2249 S. 62nd Street, Milwaukee, WI (ex. A); and

c. Petitioner's counsel also emailed a copy of the Order to Thomas' email addresses at pcgpink1932@gmail.com and prink1968@gmail.com.

6. Thomas did not respond or acknowledge the May 18, 2026 text or e-mails. Because Petitioner's service of the Order occurred on May 18, not quite two full-days before the Court's deadline, Petitioner asks for an additional 14-days (*i.e.*, until June 3, 2026) for Thomas to submit her written response to the Court, and for any other relief this Court deems just and reasonable.

7. Should the Court grant this motion, the Petitioner will promptly serve Thomas with a copy of the Order using the same methods described in subparagraphs 5(a)-(c) of this motion. Undersigned counsel contacted counsel for Logan asking whether they had a position in response to this motion. Counsel for Logan stated they have no objection.

Date: May 19, 2026

Respectfully submitted,

By: */s/ Michael Stephenson*
*Counsel for Kent Sinson*

Michael C. Stephenson
Illinois Bar Number: 6317853
Attorney for Petitioner
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, Illinois 60606
(312) 704-3000
mstephenson@hinshawlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 19, 2026, the foregoing document was filed with the Clerk of Court for the United States District Court for the Eastern District of Wisconsin via the CM/ECF system.

*/s/ Michael C. Stephenson*