# Exhibit

# A

UNITED STATES DISTRICT COURT
For the
NORTHERN DISTRICT OF ILLINOIS

---

Leonard Logan,
Plaintiff,
vs.
City of Chicago, et al,
Defendants,

---

STATE OF WISCONSIN
MILWAUKEE COUNTY

Douglas L. Proulx swears as follows:

1. I am an adult resident of the State of Wisconsin and not a party to this action.

2. On the 18th day of May 2026, at 4:00 o'clock, in the p.m. at 2249 S. 62nd Street in the City of West Allis, Milwaukee County, State of Wisconsin, I served the Order to Show Cause in the above-entitled action (attached Exhibit 1) on Princess Thomas. I observed the Chevy Impala, Wisconsin License plate AYE3464 registered to Noralynn Neita, an adult member of the household, parked adjacent to the garage. I knocked on the front door and received no response. I noticed a security camera attached to the house near the front door. I placed the documents between the interior and exterior front door, attached another copy of the documents to the mailbox next to the front door and also attached a copy of the documents to the garage door.

[signature]
Douglas L. Proulx

Signed and sworn to before me this 19th day of May, 2026.

Karla P. Castro Blanco
Notary Public, State of Wisconsin
My commission 08/20/2028

KARLA P CASTRO BLANCO
NOTARY PUBLIC
STATE OF WISCONSIN

# Exhibit

# 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LEONARD LOGAN,

Plaintiff,

Case No. 26-mc-0012-bhl

v.

KENT SINSON,

Defendant.

---

**ORDER TO SHOW CAUSE**

---

On March 11, 2026, Petitioner Kent Sinson, a defendant in a civil case pending in the U.S. District Court for the Northern District of Illinois, filed a "petition for rule to show cause" against deponent Princess Thomas. (ECF No. 1.) According to the petition, Thomas, a material third-party fact witness in the pending matter, failed without justification to appear for her subpoenaed deposition on February 25, 2026. (*Id.* ¶¶8–10.) Petitioner has provided proof of personal service of the deposition subpoena on Thomas. (ECF No. 1-7.)

Petitioner asks the Court, pursuant to Federal Rule of Civil Procedure 45(g), to order Thomas to show cause why she should not be held in contempt for her failure to appear at her deposition. (ECF No. 1 ¶10.) That Rule authorizes the court for the district where compliance with a subpoena is required to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). The Court is satisfied that Thomas was served with a deposition subpoena requiring compliance in this district and failed to comply. (*Id.* ¶¶6–12; ECF No. 1–7.) Accordingly, it will order Thomas to show cause in writing for her failure to comply within 14 days. Alternatively, Thomas may contact Petitioner's counsel, arrange to appear for her deposition, and comply with Petitioner's subpoena. If Thomas fails to comply with this Order, the Court will schedule a hearing to determine whether Thomas should be found in contempt and, if so, what sanctions the Court should impose for her noncompliance.

Accordingly,

**IT IS HEREBY ORDERED** that, on or before **May 20, 2026**, Princess Thomas must show cause in writing for her failure to comply with the deposition subpoena. If Thomas fails to comply with this Order, the Court will schedule a hearing to determine whether Thomas should be found in contempt.

**IT IS FURTHER ORDERED** that Petitioner shall promptly provide Princess Thomas with a copy of this Order.

Dated at Milwaukee, Wisconsin on May 5, 2026.

s/ *Brett H. Ludwig*
*BRETT H. LUDWIG*
United States District Judge